UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DELVILLE BENNETT,

                         **Plaintiff,**

                  v.                                  9:09-CV-1236
                                                          (FJS/DEP)

BRIAN FISCHER, Commissioner of New York State
Department of Correctional Services, in his individual
and official capacity; DALE ARTUS, Superintendent
of Clinton Correctional Facility, in his individual and
official capacity; and H. MARTIN, Correction Officer,
in his individual and official capacity,

                        **Defendants.**
_____

**APPEARANCES**                                        **OF COUNSEL**

**DELVILLE BENNETT**
**98-A-1110**
Fishkill Correctional Facility
P.O. Box 1245
Beacon, New York 12508
Plaintiff *pro se*

**OFFICE OF THE NEW YORK**                 **ADAM W. SILVERMAN, AAG**
**STATE ATTORNEY GENERAL**
The Capitol
Albany, New York 12224
Attorneys for Defendants

**SCULLIN, Senior Judge**

## ORDER

       Currently before the Court are Magistrate Judge Peebles' August 17, 2010 Report and Recommendation, *see* Dkt. No. 23, and Plaintiff's objections thereto, *see* Dkt. No. 27.[1]

---

[1] After Plaintiff filed his objections to Magistrate Judge Peebles' August 17, 2010 Report
(continued...)

Plaintiff commenced this action pursuant to 42 U.S.C. § 1983 against Defendant Brian Fischer, the Commissioner of the New York State Department of Correctional Services ("DOCS"), Defendant Dale Artus, Superintendent of Clinton Correctional Facility, where Plaintiff was confined at the time of the incidents underlying this action, and Defendant H. Martin, a corrections officer.  The gravamen of Plaintiff's complaint is that, as a result of his participation in a congregate religious service, he received a false misbehavior report accusing him of creating a disturbance, engaging in an unauthorized demonstration, and refusing a direct order.  This misbehavior report led to a disciplinary hearing and a finding of guilt on two of the three charges.  Plaintiff contends that Defendants' actions violated his First Amendment right to exercise his chosen religion, as well as his Eighth Amendment right to be free from cruel and unusual punishment and his Fourteenth Amendment right to due process.

On February 25, 2010, Defendants filed a pre-answer motion for summary judgment, in which they sought dismissal of Plaintiff's claims based on his failure to exhaust available administrative remedies and, with respect to Defendants Fischer and Artus, on the ground that they were not personally involved in the alleged violations.

In a Report and Recommendation dated August 17, 2010, Magistrate Judge Peebles

---

[1](...continued)
and Recommendation, Chief Judge Mordue issued an Order staying this case and referring it to Magistrate Judge Bianchini for settlement proceedings pursuant to the *Pro Se* Prisoner Settlement Program ("Settlement Program").  *See* Dkt. No. 28.  On December 22, 2010, Bruce J. Boivin, Coordinator of the Settlement Program for the New York State Attorney General's Office, filed a letter, in which he stated that this action, as well as others, was not appropriate for inclusion in the Settlement Program.  *See* Dkt. No. 33.  Therefore, he asked that Magistrate Judge Bianchini remove this case from the Settlement Program.  *See id.*  On that same date, Chief Judge Mordue issued an Order terminating the referral of this action to the Settlement Program and lifting the stay.  *See* Dkt. No. 32.

recommended that this Court grant Defendants' motion for summary judgment with respect to Plaintiff's First and Eighth Amendment claims against all three Defendants and deny Defendants' motion for summary judgment with respect to Plaintiff's Due Process claim against all three Defendants. *See* Dkt. No. 23 at 36. Plaintiff objected to Magistrate Judge Peebles' recommendation that this Court dismiss his First and Eighth Amendment claims. *See* Dkt. No. 27.

In reviewing a magistrate judge's report and recommendation, the district court may decide to accept, reject or modify those recommendations. *See* 28 U.S.C. § 636(b)(1). The court conducts a *de novo* review of the portions of the magistrate judge's recommendations to which a party objects. *See Pizzaro v. Bartlett*, 776 F. Supp. 815, 817 (S.D.N.Y. 1991). """If, however, the party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error.""" *Salmini v. Astrue*, No. 3:06-CV-458, 2009 WL 1794741, *1 (N.D.N.Y. June 23, 2009) (quoting [*Farid v. Bouey*, 554 F. Supp. 2d 301] at 306 [(N.D.N.Y. 2008)] (quoting *McAllan v. Von Essen*, 517 F. Supp. 2d 672, 679 (S.D.N.Y. 2007))). Finally, even if the parties file no objections, the court must ensure that the face of the record contains no clear error. *See Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) (quotation omitted).

The Court has thoroughly reviewed Plaintiff's objections to Magistrate Judge Peebles' recommendations and, for a variety of reasons, finds them to be without merit. In some instances, Plaintiff's objections are conclusory and do no more than reiterate the arguments that he made in opposition to Defendants' motion for summary judgment. In other instances, Plaintiff appears to be confused about the consequences of some of Magistrate Judge Peebles' findings.

Finally, although he objects to Magistrate Judge Peebles' recommendations, Plaintiff, in some instances, reaches the same result.

Despite these deficiencies in Plaintiff's objections, the Court conducted a *de novo* review of Magistrate Judge Peebles' Report and Recommendation in light of those objections. Having completed that review, the Court hereby

**ORDERS** that Magistrate Judge Peebles' August 17, 2010 Report and Recommendation is **ADOPTED in its entirety** for the reasons stated therein; and the Court further

**ORDERS** that Defendants' motion for summary judgment is **GRANTED** with respect to Plaintiff's First and Eighth Amendment claims against all Defendants; and the Court further

**ORDERS** that Defendants' motion for summary judgment is **DENIED** with respect to Plaintiff's Fourteenth Amendment due process claim against all Defendants; and the Court further

**ORDERS** that this action is referred to Magistrate Judge Peebles for all further pretrial matters; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: January 3, 2011
       Syracuse, New York

_____
Frederick J. Scullin, Jr.
Senior United States District Court Judge