UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DELVILLE BENNETT,

                              **Plaintiff,**

                         v.                        9:09-CV-1236
                                                      (FJS/DEP)

BRIAN FISCHER, Commissioner of New York State
Department of Correctional Services, in his individual
and official capacity; DALE ARTUS, Superintendent of
Clinton Correctional Facility, in his individual and official
capacity; and H. MARTIN, Correction Officer, in his
individual and official capacity,

                              **Defendants.**
_____

**APPEARANCES**                                     **OF COUNSEL**

**DELVILLE BENNETT**
98-A-1110
Woodbourne Correctional Facility
99 Prison Road
P.O. Box 1000
Woodbourne, New York 12788
Plaintiff *pro se*

**OFFICE OF THE NEW YORK**                **ADAM SILVERMAN, AAG**
**STATE ATTORNEY GENERAL**
The Capitol
Albany, New York 12224
Attorneys for Defendants

**SCULLIN, Senior Judge**

## ORDER

       Currently before the Court are Magistrate Judge Peebles' January 9, 2012 Report and

Recommendation, *see* Dkt. No. 46, and Plaintiff's objections thereto, *see* Dkt. No. 48.

       Plaintiff Delville Bennett, a New York State prison inmate, commenced this civil rights

action pursuant to 42 U.S.C. § 1983 against Defendants. In his original complaint, Plaintiff alleged that, while he was incarcerated at the Clinton Correctional Facility, Defendants violated his constitutional rights under the First, Eighth, and Fourteenth Amendments. *See generally* Dkt. No. 1. As a result of subsequent motion practice and this Court's Order dated January 4, 2011, *see* Dkt. No. 35, Plaintiff's only remaining cause of action is a Fourteenth Amendment procedural due process claim. This claim arose from an incident in which Plaintiff attended a religious service at the Clinton Correctional Facility and served as a member of the choir and participated in dancing and singing associated with the event. As he was exiting the chapel area, Defendant Correctional Officer H. Martin confronted him and asked him to produce his identification card, which Defendant Martin then confiscated. Plaintiff was later issued a misbehavior report accusing him of creating a disturbance, participating in an unauthorized demonstration, and refusing to obey a direct order. Following a disciplinary hearing to address those charges against him, Plaintiff was found guilty of creating a disturbance and refusing to obey a direct order but was acquitted of the unauthorized demonstration charge.

On June 24, 2011, Defendants filed a motion for judgment on the pleadings, *see* Dkt. No. 41, and Plaintiff opposed that motion, *see* Dkt. No. 45. In a Report and Recommendation dated January 9, 2012, Magistrate Judge Peebles recommended that this Court grant Defendants' motion for judgment on the pleadings without leave to replead because Plaintiff failed to plausibly demonstrate both (1) the deprivation of a liberty interest sufficient to trigger the protections of the Fourteenth Amendment and (2) the denial of any procedural safeguards to

which he was entitled in connection with that alleged deprivation.[1]  *See* Dkt. No. 46 at 12-14.  Plaintiff objected to Magistrate Judge Peebles' recommendation.  *See* Dkt. No. 48.

Where a party makes specific objections to portions of a magistrate judge's report and recommendation, the court conducts a *de novo* review of those recommendations.  *See Trombley v. Oneill*, No. 8:11-CV-0569, 2011 WL 5881781, *2 (N.D.N.Y. Nov. 23, 2011) (citing Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C)).  Where a party makes no objection or makes only conclusory or general objections, however, the court reviews the report and recommendation for "clear error" only.  *See Salmini v. Astrue*, No. 3:06-CV-458, 2009 WL 1794741, *1 (N.D.N.Y. June 23, 2009) (quotation omitted).  After conducting the appropriate review, a district court may decide to accept, reject, or modify those recommendations.  *See Linares v. Mahunik*, No. 9:05-CV-625, 2009 WL 3165660, *10 (N.D.N.Y. Sept. 29, 2009) (quoting 28 U.S.C. § 636(b)(1)(C)).

---

[1] In his Report and Recommendation, Magistrate Judge Peebles found that "[e]ven the imposed penalty of sixty days of disciplinary SHU confinement — a penalty which apparently was never served — would be insufficient under ordinary circumstances to satisfy the liberty deprivation element of a cognizable due process claim."  *See* Dkt. No. 46 at 15-16 (citations omitted).  Should Plaintiff have evidence tending to show that he had suffered other direct consequences as a result of his disciplinary hearing that could satisfy the liberty interest deprivation provision of the Fourteenth Amendment, Magistrate Judge Peebles encouraged Plaintiff to raise such evidence in his objections.  *See id.* at 16.  Finally, based on the substantive shortcomings in Plaintiff's complaint, Magistrate Judge Peebles recommend that this Court deny Plaintiff leave to amend his complaint because any such amendment would be futile.  *See id.*

In his objections, Plaintiff submitted evidence that his sixty-day suspension was, in fact, suspended and that he would not have to undergo any SHU confinement unless Plaintiff "get[s] in any [more] trouble" relating to the church, as his sixty-day penalty was "just going to be held over [his] head."  *See* Dkt. No. 48 at 2-3.  Plaintiff also contended that "if he practiced his religious freedom (dancing during the service) again . . . he would receive 60 days SHU time."  *See id.* at 5.  Plaintiff received what amounted to a warning, rather than a constitutionally cognizable deprivation of his First or Fourteenth Amendment rights; and, as Magistrate Judge Peebles held, even if he did receive a penalty of sixty days of disciplinary SHU confinement, this would be insufficient to establish a due process violation.

The Court has conducted a *de novo* review of Magistrate Judge Peebles' Report and Recommendation in light of Plaintiff's specific objections. Having completed its review, the Court hereby

**ORDERS** that Magistrate Judge Peebles' January 9, 2012 Report and Recommendation is **ACCEPTED in its entirety** for the reasons stated therein; and the Court further

**ORDERS** that Defendants' motion for judgment on the pleadings is **GRANTED** in its entirety; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in favor of Defendants and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED**.

Dated: March 27, 2012
      Syracuse, New York

*[signature]*
Frederick J. Scullin, Jr.
Senior United States District Court Judge